UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUIS RANDOLPH COLBERT,

    *Plaintiff*,

  v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

    *Defendant*.

Civil Action No. 24-363 (TJK)

## **MEMORANDUM**

Louis Colbert applied for disability benefits with the Social Security Administration ("SSA"). An Administrative Law Judge ("ALJ") there decided Colbert's application unfavorably, finding that he was not disabled under the definition of "disability" in the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). *See* ECF No. 5-2 at 30–31. The SSA Appeals Council denied Colbert's request to review the ALJ's decision, and Colbert is presumed to have received notice of that denial on December 9, 2023. *Id.* at 2–3. On February 7, 2024, within the 60-day window provided by § 405(g), Colbert timely sought review of the ALJ's determination in this Court. ECF No. 1. The matter was referred to Magistrate Judge G. Michael Harvey under Local Civil Rule 72.2. *See* Min. Order of April 10, 2024. Colbert filed a motion for judgment of reversal, ECF No. 6, and the Commissioner filed a motion for judgment of affirmance, ECF No. 10.

Magistrate Judge Harvey prepared a thorough Report and Recommendation regarding the parties' dueling motions, recommending that the Court deny Colbert's motion and grant the Commissioner's, thereby upholding the ALJ's decision. ECF No. 13 ("R&R"). He found that the ALJ expressly considered the countervailing evidence related to the suprapatellar effusion, knee pain, and limited range of motion that Colbert argued went unaddressed, *see* R&R at 12–16; that the

ALJ's consideration of Colbert's unemployment benefits to discount Colbert's subjective allegations of pain was permissible, or, at worst, harmless error given the remaining weight of evidence, *see* R&R at 16–18; and that the ALJ was correct not to classify the treatment notes from Dr. Gresham and N.P Smith as "medical opinions," or, again, it was at worst harmless error given the remaining weight of evidence, *see* R&R at 19–27.

Colbert has timely filed "specific written objections" to the R&R, so this Court will "determine de novo" the R&R's disposition in light of those objections. Fed. R. Civ. P. 72(b)(2), (3); LCvR 72.3(b), (c).[1] Colbert objects to two aspects of the R&R. First, he argues that "the R&R failed to determine whether the ALJ actually committed an error by focusing on Plaintiff's application for unemployment benefits" when rejecting his allegations of pain and dysfunction. ECF No. 14 at 2–5. Second, he argues that the R&R erred in finding that "Dr. Gresham's opinion was not a medical opinion." *Id.* at 5. Neither argument succeeds.

The first argument attacks the ALJ's finding that Colbert possesses sufficient functional capacity to perform "light work," such as "lift[ing] and carry[ing] 20 pounds occasionally." ECF No. 5-2 at 26. That finding occurred after the ALJ rejected Colbert's allegations about the subjective severity of his own injury. As Colbert points out, the rejection occurred in part because the ALJ noted that he had "received a substantial amount of unemployment insurance benefits . . . [which] would have required the claimant to certify that he [was] ready, able, and willing to work." *Id.* at 27. Colbert asserts that it was an error to consider his receipt of such benefits when determining his functional capacity—and therefore error for the R&R not to say so explicitly.

---

[1] As for the unobjected-to portions of the R&R, upon independent consideration of the entire record and the applicable law, the Court finds no error, let alone clear error. *See Tsige v. Faculty Prac. Plan,* No. 13-cv-7148, 2014 WL 1378310, at *1 (D.C. Cir. Mar. 25, 2014).

2

This argument misunderstands the nature of how courts review an ALJ's factual findings. A reviewing court may only hold an agency's factual findings unlawful when they are "unsupported by substantial evidence." 5 U.S.C. § 706(2)(E); *see also Archer W. Contractors, LLC v. U.S. Dep't of Transp.*, 45 F.4th 1, 6 (D.C. Cir. 2022). This "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Under the substantial evidence standard, "weighing the evidence is not the court's function." *United Steel v. Pension Benefit Guar. Corp.*, 707 F.3d 319, 325 (D.C. Cir. 2013). Instead, the court must uphold the agency's finding so long as it was supported by "such evidence as a reasonable mind might accept as adequate"—"even though one might draw two inconsistent conclusions from the evidence." *Id.* (quotation omitted).

The ALJ's finding that Colbert could perform light work—including the determination that Colbert's subjective allegations lacked credibility—easily clears the substantial-evidence bar even *without* consideration of Colbert's unemployment benefits. The ALJ cited a wealth of other evidence when finding that Colbert could have performed "light work," contrary to his subjective allegations of pain and dysfunction. To mention a few: an x-ray of Colbert's knee displayed "no joint space narrowing, osteophyte formation, or any other significant degenerative changes in his right knee"; the "joint effusion" in Colbert's knee was "described as only being 'moderate' in size in treatment notes"; "physical examinations have generally shown that [Colbert] ambulates with a 'normal' and 'steady' gait"; Colbert "informed healthcare providers that he was not taking any pain medications"; and, at a hearing before the ALJ, Colbert "testified that he could lift objects weighing up to 30 pounds." ECF No. 5-2 at 25–27. Even if this Court might weigh the record and Colbert's allegations differently, that is more than enough evidence to support the ALJ's findings. *See United Steel*, 707 F.3d at 325.

3

For that reason, the Court "need not wade into" the dispute over whether it was proper for the ALJ to consider Colbert's unemployment benefits, as Magistrate Judge Harvey stated. R&R at 17. Even if the ALJ erred when accounting for unemployment benefits, this Court must uphold the finding of Colbert's functional capacity because it was supported by substantial evidence. If it was an error for the ALJ to consider Colbert's unemployment benefits, then, it was a harmless one. The Court declines to remand to the agency for such errors. *See* 5 U.S.C. § 706 ("due account shall be taken of the rule of prejudicial error").

Colbert's second argument is similarly unavailing. He asserts that Dr. Gresham's post-surgical note, warning that he should not "lift items heavier than 10 pounds until cleared by [his] surgeon," constituted a medical opinion under the relevant regulations. ECF No. 5-7 at 288. And SSA regulations require that ALJs "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). Thus, he argues, it was error for the ALJ to have said nothing about it. Not so.

The problem with this argument is that Dr. Gresham's note was not a medical opinion. The regulations define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s)," including statements about "impairment-related limitations or restrictions" regarding activities such as "sitting, standing, walking, lifting . . . or other physical functions." 20 C.F.R. §§ 404.1513(a), 416.913(a). Thus, the opinion must be about the patient's "limitations" from the "impairment"—*not* the limitations from surgery. Of course, surgery often involves a recovery period with limitations. But a medical professional's statements regarding temporary limitations from a *surgery* are different than statements regarding limitations from an *underlying impairment*. That is why the SSA regulations list "[s]oft tissue injury or abnormality under continuing surgical management" as an impairment, but not the surgical management itself;

4

the surgery is not an impairment on its own. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.21. At bottom, the regulations require an ALJ to address only medical statements about a patient's underlying impairments, which relate to his long-term or permanent capacity, not those about what activities or food a patient should temporarily avoid after surgery.

The note from Dr. Gresham does not fit the regulations' definition of a medical opinion. It is part of Colbert's "Discharge Instructions," which begin by describing why they have been provided to him: "You had a scrotal exploration, orchiectomy and orchiopexy." ECF No. 5-7 at 288. In other words, the discharge instructions are about Colbert's surgery. The note then addresses temporary medications ("Bactrim: take on tab by mouth twice daily for 7 days"), temporary limitations on movement ("Get plenty of sleep but avoid staying in bed for long periods of time during the day"), and temporary alterations in diet ("Eat small frequent meals at first and gradually increase"). *Id.* In context, each of these limitations—even the ones without express end dates—are addressing the aftermath of Colbert's surgery. And among them is the warning that Colbert should "not lift items heavier than 10 pounds until cleared by your surgeon." *Id.* This part of the discharge instructions, like the rest of them, relates to Colbert's surgery—not his underlying impairment. As a result, it is not a medical opinion, and the ALJ need not have considered it.[2]

For these reasons, the Court will overrule Colbert's objections, adopt the R&R, deny Colbert's motion and grant the Commissioner's. A separate order will issue.

---

[2] The Court finds that it need not consider Magistrate Judge Harvey's alternative harmless error analysis related to this objection. Thus, it need not adopt those portions of the R&R that undertake an alternative harmless error analysis with respect to the notes from both Dr. Gresham and N.P. Smith.

                                                  /s/ Timothy J. Kelly
                                                  TIMOTHY J. KELLY
                                                  United States District Judge

Date: October 24, 2025